UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
---------------------------------------------------------------
CARLOS ORTEZ-SOMARRIBA,

          Plaintiff,

  -against-

DUANE SOMERS, MOTEL IN THE SKY, INC.
D/B/A RAMADA YONKERS, TOTONNO'S OF
YONKERS, LLC, JANE DOE [BARTENDER], JOHN
DOE [BARTENDER], and PATRICK GRIZZLE,

          Defendants.
---------------------------------------------------------------X



JUDGE COTE

'09 CIV 7756

**COMPLAINT**

**PLAINTIFF DEMANDS A TRIAL BY JURY**

Plaintiff, Carlos Ortez-Somarriba by his attorneys, Liddle & Robinson, L.L.P., for his Complaint against Duane Somers, Motel In The Sky, Inc. d/b/a Ramada Yonkers, Totonno's of Yonkers, LLC, Jane Doe [Bartender], John Doe [Bartender], and Patrick Grizzle, allege as follows:

## THE PARTIES

1. Plaintiff Carlos Ortez-Somarriba ("Ortez") resides at 188 Federal Avenue, Quincy, Massachusetts 02169.

2. Defendant Duane Somers ("Somers") resides at 415 5th Street, Huntington, Pennsylvania 16652.

3. Defendant Motel In The Sky, Inc. is a domestic business corporation organized under the laws of the State of New York. Upon information and

belief, it owns and operates the Ramada Yonkers hotel located at 125 Tuckahoe Road Yonkers, New York, 10710.

4. Defendant Totonno's of Yonkers, LLC (also referred to herein as "Totonno's Italian Restaurant & Lounge") is a domestic limited liability company organized under the laws of the State of New York. Upon information and belief, it owns and operates the Totonno's Italian Restaurant & Lounge inside of the Ramada Yonkers hotel located at 125 Tuckahoe Road Yonkers, New York 10710. At all times hereinafter mentioned, Totonno's of Yonkers, LLC was engaged in the business of operating a tavern and selling alcoholic beverages.

5. Upon information and belief, Defendant Jane Doe resides in New York State and is employed as a bartender at the Totonno's Italian Restaurant & Lounge in the Ramada Yonkers hotel located at 125 Tuckahoe Road, New York 10710.

6. Upon information and belief, Defendant John Doe resides in New York State and is employed as a bartender at the Totonno's Italian Restaurant & Lounge in the Ramada Yonkers hotel located at 125 Tuckahoe Road, New York 10710.

7. Upon information and belief, Defendant Patrick Grizzle ("Grizzle") resides in New York and is employed as a security guard by Defendant Motel In The Sky, Inc. D/B/A Ramada Yonkers at the Ramada Yonkers hotel located at 125 Tuckahoe Road, Yonkers, New York 10710.

**SUMMARY**

8. On February 2, 2009, a criminal action against Defendant Duane Somers terminated, with a jury verdict finding Defendant Somers guilty of assault in the second degree. This civil action concerns Defendant Somers's assault against Plaintiff.

**THE NATURE OF THE ACTION**

9. This is a civil action for damages and remedies for: (1) assault and battery; (2) negligence; and (3) violation of the Dram Shop Act.

**JURISDICTION AND VENUE**

10. This Court has subject matter over this action pursuant to 28 U.S.C. § 1332 (diversity jurisdiction) and principles of supplemental jurisdiction pursuant to 28 U.S.C. § 1367.

11. Venue is proper in this district under 28 U.S.C. § 1391(a)(2) because a substantial part of the events or omissions giving rise to the claims asserted occurred in the Southern District of New York.

## FACTS

12.     On October 4, 2007, Plaintiff Ortez and Walter Ostromecki ("Ostromecki") were among five employees of Woodmeister Master Builders who were staying at the Ramada Yonkers hotel located at 125 Tuckahoe Road, New York 10710 while installing millwork at a project in the area.

13.     The Ramada Yonkers hotel is located in an area known to have a high crime rate.

14.     Shortly after midnight, Plaintiff Ortez and Ostromecki were lawful patrons at the Totonno's Italian Restaurant & Lounge located inside the Ramada Yonkers hotel where they were watching the Red Sox-Los Angeles Angels playoff game. Two other patrons, Defendant Somers and Edward McConaughey, began to harass them. Defendant Totonno's of Yonkers, LLC d/b/a Totonno's Italian Restaurant & Lounge, its agents, servants, and/or employees had served them such quantities of alcoholic beverages that they had been rendered intoxicated. Defendant Somers and McConaughey were both visibly intoxicated, however, the Totonno's Italian Restaurant & Lounge's agents, servants, and/or employees continued to serve them alcohol.

15.     Ostromecki was wearing a Red Sox hat and shirt. Defendant Somers and McConaughey made a derogatory comment about the Red Sox and jabbered about the clothes Plaintiff Ortez was wearing. One of them asked Ortez "if he had pride in Boston."

16. Plaintiff Ortez and Ostromecki tried to ignore the jibes of Defendant Somers and McConaughey, but their harassment escalated. Plaintiff Ortez and Ostromecki became concerned and uneasy. They then requested the assistance of Jane Doe, the bartender at the Totonno's Italian Restaurant & Lounge. She did not intercede. John Doe, another bartender employed at the Totonno's Italian Restaurant & Lounge, and present during the assault, failed to intervene as well.

17. After the game concluded, Plaintiff Ortez and Ostromecki went outside to the parking lot immediately outside the Yonkers Ramada hotel's lobby to smoke a cigarette.

18. Defendant Somers and McConaughey followed them to the parking lot.

19. Somers assaulted and beat Plaintiff Ortez by striking him repeatedly, including striking his head.

20. The assault committed on Plaintiff Ortez was done after Totonno's Italian Restaurant & Lounge, its agents, servants and/or employees had served Defendant Somers, their patron, unreasonable amounts of alcohol.

21. The assault was committed upon Plaintiff Ortez without any negligence on his part contributing thereto.

22. The lighting in the parking lot and lobby controlled by Defendant Motel In The Sky, Inc. was poor.

23. There were no security personnel present at the time of the assault.

24. No security guard intervened to prevent the assault.

25. In fact, no employee of Defendants Motel In The Sky, Inc. and Totonno's Italian Restaurant & Lounge intervened.

26. Plaintiff Ortez was severely injured by Defendant Somers.

27. Plaintiff Ortez suffered multiple facial fractures. He was brought to the intensive care unit at Westchester Medical Center in Valhalla, New York. A tracheal tube was inserted and he was unable to speak for some time after the beating. On October 8, 2007, he underwent five hours of surgery to repair fractured bones in his face and to implant three titanium plates to stabilize the fractured bones.

28. Police of the City of Yonkers, New York, arrested Defendant Somers in connection with the beating and he was later indicted by a grand jury on criminal charges.

29. As a result of his injuries, Ortez has been unable to function normally. He has had difficulty eating, sleeping, and working. His injuries were so

extensive that they required multiple surgeries, including one to break his jaw in an attempt to repair the damage that had been done. He also requires further surgery.

30. On February 2, 2009, Defendant Somers was convicted of felony assault.

## FIRST CLAIM
### (Assault and Battery)

(Duane Somers and Edward McConaughey)

31. Plaintiff repeats and realleges the allegations contained in paragraphs 1 through 30, as if separately set forth herein.

32. Defendant Somers committed assault and battery against Plaintiff Ortez when he violently beat him, which resulted in Ortez being hospitalized.

33. The actions of Defendant Somers were willful, intentional, malicious, and unwarranted.

34. The actions of Defendant Somers were without any just cause or provocation.

35. The injuries of Plaintiff Ortez were caused solely by reason of Defendant Somers, and without any negligence on the part of Plaintiff Ortez.

36. As a result of the foregoing, Plaintiff Ortez suffered and sustained serious personal injuries. Plaintiff Ortez still suffers great pain in his face and has to undergo further surgery. He has been informed and believes that his injuries are and will be permanent and that he will be disabled in the future. Plaintiff Ortez also suffered emotional distress and special damages. Plaintiff Ortez has also suffered lost income and has become liable to pay large sums of money for medical care and will be obliged to incur expenses of a similar nature in the future.

37. The misconduct of Defendant Somers's underlying assault and battery was vindictive and malicious and therefore warrants punitive damages in addition to compensatory damages.

## SECOND CLAIM
(Negligence)

(Jane Doe, John Doe, and Patrick Grizzle)

38. Plaintiff repeats and realleges the allegations contained in paragraphs 1 through 37, as if separately set forth herein.

39. Upon information and belief, at the time of Defendant Somers's assault of Plaintiff Ortez, Defendants Jane Doe and John Doe were employed as bartenders by Defendant Totonno's of Yonkers, LLC at Totonno's Italian Restaurant & Lounge, located inside the Ramada Yonkers hotel.

40. Upon information and belief, at the time of Defendant Somers's assault of Plaintiff Ortez, Defendant Patrick Grizzle was employed as a security guard by Defendant Motel In The Sky, Inc. at the Ramada Yonkers hotel.

41. Plaintiff Ortez was within his legal right to be in the Totonno's Italian Restaurant & Lounge, the Ramada Yonkers hotel, the parking lot and lobby of the Totonno's Italian Restaurant & Lounge and the Ramada Yonkers hotel.

42. Defendants Jane Doe, John Doe, and Patrick Grizzle had a legal duty to exercise the care of a reasonable and prudent person toward Plaintiff Ortez.

43. Defendants Jane Doe and John Doe breached this duty by, among other things, failing to intervene when Plaintiff Ortez requested aid during the initial assault inside the Totonno's Italian Restaurant & Lounge, failing to call the police, and failing to remove Defendant Somers from the premises.

44. Defendant Patrick Grizzle breached this duty when he failed to adequately patrol the premises of the Totonno's Italian Restaurant & Lounge, the Ramada Yonkers hotel, and their premises, including the lobby and parking lot

45. The negligence of Defendants Jane Doe, John Doe, and Patrick Grizzle was a proximate cause of the injuries of Plaintiff Ortez.

46. As a result of the foregoing, Plaintiff Ortez suffered and sustained serious personal injuries. Plaintiff Ortez still suffers great pain in his face and has to undergo further surgery. He has been informed and believes that his injuries are and will be permanent and that he will be disabled in the future. Plaintiff Ortez also suffered emotional distress and special damages. Plaintiff Ortez has also suffered lost income and has become liable to pay large sums of money for medical care and will be obliged to incur expenses of a similar nature in the future.

## THIRD CLAIM
### (Negligence)

(Defendants Motel In The Sky, Inc. and Totonno's of Yonkers, LLC)

47. Plaintiff repeats and realleges the allegations contained in paragraphs 1 through 46, as if separately set forth herein.

48. Defendant Totonno's of Yonkers, LLC owned, maintained, operated, controlled and inspected the Totonno's Italian Restaurant & Lounge for the accommodation of guests.

49. Defendant Motel In The Sky, Inc. owned, maintained, operated, controlled and inspected the Yonker's Ramada hotel's lobby, parking lot, and premises for the accommodation of guests.

50. Plaintiff Ortez was a guest of Defendants Totonno's of Yonkers, LLC and Motel In The Sky, Inc. Accordingly, Defendants Totonno's of Yonkers, LLC and Motel In The Sky, Inc. had a duty to exercise reasonable care to prevent foreseeable injuries to him.

51. This duty included providing adequate security to protect Plaintiff Ortez.

52. While on the premises as a guest of Defendants Totonno's of Yonkers, LLC and Motel In The Sky, Inc., Plaintiff Ortez was assaulted by Defendant Somers who, upon information and belief, was another guest.

53. Said occurrence was due to the negligence of Defendants Totonno's of Yonkers, LLC and Motel In The Sky, Inc., their agents, servants and/or employees in failing to provide adequate security to their patrons.

54. Accordingly, Defendants Totonno's of Yonkers, LLC and Motel In The Sky, Inc. breached their duty to Plaintiff Ortez by failing to provide adequate security to their patrons.

55. As a result of the poor security that Defendants Totonno's of Yonkers, LLC and Motel In The Sky, Inc. provided, Plaintiff Ortez suffered and sustained serious personal injuries. Plaintiff Ortez still suffers great pain in his face and has to

undergo further surgery. He has been informed and believes that his injuries are and will be permanent and that he will be disabled in the future. Plaintiff Ortez also suffered emotional distress and special damages. Plaintiff Ortez has also suffered lost income and has become liable to pay large sums of money for medical care and will be obliged to incur expenses of a similar nature in the future.

## FOURTH CLAIM
### (Violation of Dram Shop Act)

(Defendants Motel In The Sky, Inc. and Totonno's of Yonkers, LLC)

56. Plaintiff repeats and realleges the allegations contained in paragraphs 1 through 55, as if separately set forth herein.

57. Defendants Motel In The Sky, Inc. and Totonno's of Yonkers, LLC, and their agents, servants and/or employees knew, or reasonably should have known, that their patrons, including Defendant Somers, was intoxicated and because of his intoxicated condition, was capable of inflicting serious injury to other persons, particularly Plaintiff Ortez.

58. Defendants Motel In The Sky, Inc. and Totonno's of Yonkers, LLC, and their agents, servants and/or employees carelessly and negligently allowed their patrons, including Defendant Somers, to become intoxicated on their premises and they failed to take reasonable steps to prevent their intoxication by serving them intoxicating

beverages and as a result thereof, the patrons, including Defendant Somers, became belligerent and without provocation or reason therefore, brutally assaulted Plaintiff Ortez.

59. The negligence of Defendants Motel In The Sky, Inc. and Totonno's of Yonkers, LLC, and their agents, servants and/or employees consisted among other things, in running a disorderly house in that they negligently allowed arguing, shouting, harsh words and fighting to occur on the premises without taking any corrective action. They failed to call the police. They failed to make the premises secure. All of the foregoing negligence caused the ultimate injury to Plaintiff Ortez, without which negligence he would not have been injured. No protection whatsoever was provided for Plaintiff Ortez and other similarly situated patrons, all of which negligence caused serious personal injuries to Plaintiff Ortez.

60. Defendants Motel In The Sky, Inc. and Totonno's of Yonkers, LLC, and their agents, servants and/or employees served alcoholic beverages to Defendant Somers after they knew or should have known from his behavior that he was intoxicated. Upon information and belief, the agents and employees of Defendants Motel In The Sky, Inc. and Totonno's of Yonkers, LLC knew Defendant Somers was a habitual drunkard.

61. Defendant Somers, intoxicated from the alcoholic beverages served by Defendants Motel In The Sky, Inc. and Totonno's of Yonkers, LLC, and their agents, servants and/or employees, assaulted and beat Plaintiff Ortez.

62. By reason of the aforesaid assault and battery of Plaintiff Ortez, he suffered and sustained serious personal injuries. Plaintiff Ortez still suffers great pain in his face and has to undergo further surgery. He has been informed and believes that his injuries are and will be permanent and that he will be disabled in the future. Plaintiff Ortez mecki also suffered emotional distress and special damages. Plaintiff Ortez has also suffered lost income and has become liable to pay large sums of money for medical care and will be obliged to incur expenses of a similar nature in the future.

## FIFTH CLAIM
### (Negligent Hiring, Retention, and Supervision)

(Defendants Motel In The Sky, Inc. and Totonno's of Yonkers, LLC)

63. Plaintiff repeats and realleges the allegations contained in paragraphs 1 through 62, as if separately set forth herein.

64. Defendants Motel In The Sky, Inc. and Totonno's of Yonkers, LLC owed Plaintiff Ortez a duty to exercise reasonable care in the hiring, retention, and supervision of their agents, servants, and/or employees.

65. Defendants Motel In The Sky, Inc. and Totonno's of Yonkers, LLC breached their duty by failing to exercise due care in the hiring, training, retention, and supervision of their bartenders and security personnel.

66. Defendants Motel In The Sky, Inc. and Totonno's of Yonkers, LLC knew or should have known the danger of serving alcohol to intoxicated persons and its need to adequately protect its patrons from such inebriated persons by proper hiring, training, retention and supervision of its agents, servants and/or employees.

67. As a proximate and foreseeable consequence of the negligent acts of Defendants Motel In The Sky, Inc. and Totonno's of Yonkers, LLC, their agents, servants, and/or employees failed to prevent and indeed contributed to the assault and beating of Plaintiff Ortez.

68. By reason of the aforesaid assault and battery of Plaintiff Ortez, he suffered and sustained serious personal injuries. Plaintiff Ortez still suffers great pain in his face and has to undergo further surgery. He has been informed and believes that his injuries are and will be permanent and that he will be disabled in the future. Plaintiff Ortez also suffered emotional distress and special damages. Plaintiff Ortez has also suffered lost income and has become liable to pay large sums of money for medical care and will be obliged to incur expenses of a similar nature in the future.

WHEREFORE, Plaintiff demands judgment against Defendants as follows:

A. On the First Claim for assault and battery, compensatory damages and punitive damages, in an amount to be determined at trial.

B. On the Second Claim for negligence, compensatory damages, in an amount to be determined at trial.

  C. On the Third Claim for negligence, compensatory damages, in an amount to be determined at trial.

  D. On the Fourth Claim for violation of the Dram Shop Act, compensatory damages, in an amount to be determined at trial.

  E. On the Fifth Claim for negligence, compensatory damages, in an amount to be determined at trial.

  F. Such other and further relief as the Court deems appropriate under the circumstances.

Dated: New York, New York
    September 8, 2009

        LIDDLE & ROBINSON, L.L.P.

        By: _____
        James A. Batson
        Andrea M. Paparella
        800 Third Avenue
        New York, New York 10022
        (212) 687-8500
        jbatson@liddlerobinson.com
        apaparella@liddlerobinson.com

        *Attorneys for Plaintiff*